*70 O P X H I O H.
St. Paul, Judge.
This action is upon two promissory notes, executed by the defendants upon sufficient consideration, each for the sum of and both due and unpaid.
Defendants do not admit the debt, but their answer sets up not a single reason why they, should not pay. The faot of the matter being that plaintiffs, claiming that the notes were given under a lease, ask for the recognition of a lessors privilege; whilst defendants claim that the alleged lease is in law a sale,, and they ask that it so be dea-larde.
The# instrument in controversy is in the form of a lease for twenty-two months; the rent is payable in instalments of $500 per month. The lessees are to pay, in addition to rent(the ##### taxes, ajLt Insurance / and afck charges upon the property. The option is given them to purchase the property at any time during the term of the lease for the sum of $85000 with 7$ interest from the date of the leaBe; and should they avail themselves of this option they are to be entitled to a credit for all the rent paid. The option is to be good only so long as the lessees are not in arrears for their rent. This lease, option or sale, however we may oall it, contains no clause by whioh the defendants herein bind themselves to pay the whole sum of $25000, but on the contrary they have bound themselves only for the twenty-two monthly instalments aforesaid.
We might dispose of the matter off hand by simply referring to an opinion of the 3upreme Court (77 Southern Rep p. 110, 148 La.) in whioh, in a case between the same parties and involving the same contract, the court solemnly adjudged it to be a lease and not / a sale. But it seems that owing to some confusion in their docket, \ ¿t ) the opinion was handed down in a case which M did not belong, and I had to be withdrawn. We will therefore examine the document independently of that opinion. ^2 >f¿^3 (¿o 2
*71 And it is perfootly apparent that the instrument in controversy is purely and simply a lease with an ontion to purchase whioh has never been, and cannot now be exercised, bdoause of defendants having fallen in arrears with their rent*
It is not a sale, and for this very simple reason, to wit, that defendants have never bound themselves for the price.
tDhis is the one paramount oiroumstance that distinguishes this case from the line of oases relied upon by dtfiendant, holding that a lease, in which at the end of the term the lessee ix to beoome the owner of the thing leased in consideration of the rent piid, is in fact a sale and translative of the property from its very inception.
Shis distinguishing feature, is so glaring as almost to require no pointing out, but this has been done by *»r. Justice Provoaty in his able opinion in Barber Asphalt Co vs. St Louis Cypress Co, 121 La 162, particularly at page 168.
Por there is a vast difference between a contract in whioh one binds himself to pay a certain sum of money for whioh he is to receive a certain thing, and a oontraot in which a person binds gimself to pay in instalments a certain sum for the use of a thing, with the privilege of becoming the owner thereof upon paying a further sum, for whioh however he has not bound himself absolutely.
In the first case there is dearly a sale, the thing and the price having been agreed upon and both parties having bound themselves !ln such a case, as pointed out by Justice Provoaty, the law regulates its effect as a matter of public policy, and does not permit the the parties to change that effect.
In the last there i3 no sale, because the parties have very [distinctly agreed that the amount for which one of the parties is [bound shall not be the price at which the thing is sold, but.on the [contrary that the price, if a sale be effected, shall be another and [different amount, for which that party has distinctly not bound kimself.
*72 New Orleans, La, April 22nd, 1918.
It is said that there are certain clauses in the instrument which are inconsistent with the#iea of a lease, because unnecessary; as the rent for Instance, that ##### shall he forfeited if the lessees forfeit or fail to exercise their right of option. This however is of no oonsequenoe; it was at course unnecessary, hut does no harm, since it only emphasises the fact that the monthly payments were to he for the use of the property, and precludes the very contention now set up, to wit, that suoh payments were instalments of the purchase price and gave defendants some title or equity in the property.
We are of opinion that the instrument on controversy is a lease and not a sale, and plaintiffs are therefore entitled to their lessor's lien.
The judgment appealed from is therefore afflfmed.
Judgment Affirmed.